**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-7522**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANDRE R. SMITH, a/k/a Erco,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CR-94-79)

_____

Submitted: July 27, 2000                Decided: August 1, 2000

_____

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Andre R. Smith, Appellant Pro Se. John Granville Douglass, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Andre M. Smith seeks to appeal the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. We dismiss the appeal for lack of jurisdiction because Smith's notice of appeal was not timely filed.

Parties are accorded sixty days after the entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on August 13, 1999. Smith's notice of appeal was filed on October 13, 1999.[*] Because Appellant failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2